UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DISTRICT. COURT
AT HARRISONBURG, VA
FILED

OCT 16 2024

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

**Scott Boger**,
Plaintiff,

v.

Case No. 5:24-cv-00083

**City of Harrisonburg, Virginia**,
**Sgt. Wayne Westfall**,
**Wesley Russ**,
**Data Ticket, Inc./Citation Processing Center**,
Defendants.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

Plaintiff **Scott Boger**, appearing pro se, files this complaint against the Defendants for violation of his constitutional rights under **42 U.S.C. § 1983**, specifically for **selective prosecution**, **failure to investigate**, and **deprivation of due process and equal protection**. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and states the following:

### I. Jurisdiction and Venue

1. This action arises under **42 U.S.C. § 1983** for violations of Plaintiff's rights under the **Fourteenth Amendment** to the U.S. Constitution.

2. This Court has jurisdiction under **28 U.S.C. § 1331** (federal question jurisdiction), **28 U.S.C. § 1343** (jurisdiction for civil rights claims), and **28 U.S.C. § 1332** (diversity

jurisdiction), as Plaintiff and Defendant **Third-Party Vendor** are citizens of different states, and the amount in controversy exceeds $75,000.

3. Venue is proper in this Court under **28 U.S.C. § 1391(b)** because the events giving rise to the claims occurred in Harrisonburg, Virginia, which is within the jurisdiction of this Court.

## II. Parties

1. **Plaintiff**: Scott Boger is a resident of Virginia and a co-owner of the vehicle involved in the speed camera violation that led to this action.

2. **Defendant**: **City of Harrisonburg**, a municipality responsible for overseeing and enforcing the speed camera program at issue in this case.

3. **Defendant: Sgt. Westfall**, is a police officer employed by the City of Harrisonburg and involved in overseeing the speed camera enforcement program. Sgt. Westfall is sued in both his individual and official capacities.

4. **Defendant: Wesley Russ, in his individual and official capacities**: Wesley Russ is an attorney for the City of Harrisonburg, acting in his official capacity as the city's civil attorney. Russ is being sued in both his official and individual capacities for his role in the prosecution of Plaintiff's speed camera violation, a civil matter. In this capacity, Russ acted under the color of state law. He was on constructive notice of the vehicle's joint ownership based on the affidavit submitted to the City's third-party vendor on July 11, 2024. Additionally, Sgt. Westfall, who was involved in the case, was directly informed of the joint ownership during a phone conversation with Plaintiff in mid to late August 2024. Despite these facts, Russ failed to initiate or request an investigation to determine

which co-owner was responsible for the violation, and instead proceeded with an arbitrary prosecution based solely on the name order in the vehicle registration. This demonstrated deliberate indifference to Plaintiff's constitutional rights under **42 U.S.C. § 1983**. Furthermore, as Russ was acting in a civil capacity, he is not protected by absolute prosecutorial immunity and can be held liable under **42 U.S.C. § 1983**.

5. **Defendant: Data Ticket, Inc./Citation Processing Center**: Data Ticket, Inc., doing business as Citation Processing Center, is a third-party vendor contracted by the City of Harrisonburg, Virginia, to administer its speed camera program. Based in Pennsylvania, the company is responsible for issuing citations, verifying vehicle ownership, and managing the violation process. Despite having received Plaintiff's affidavit and knowing the vehicle had two registered owners, Data Ticket, Inc./Citation Processing Center failed to investigate or notify the City of the joint ownership status. This failure directly contributed to the selective prosecution of Plaintiff, as Data Ticket, Inc./Citation Processing Center enabled the case to proceed without a proper investigation into the responsible driver.

## III. Statement of Facts

1. On or about July 9, 2024, Plaintiff received a ticket in the mail for a speed camera violation on Route 33 at I-81 in Harrisonburg, Virginia, for an alleged speed of 44 MPH in a 25 MPH zone on June 21, 2024.

2. Plaintiff is listed as a co-owner of the vehicle in question on both the registration and title of the vehicle.

3. On July 11, 2024, Plaintiff mailed an affidavit to Data Ticket, Inc./Citation Processing Center, the third-party vendor used by the City of Harrisonburg to manage the speed camera program. In the affidavit, Plaintiff indicated that he was not the driver of the vehicle at the time of the violation, and he speculated on who the driver might have been. In this notarized affidavit, Plaintiff informed the third-party vendor that he was not the only owner of the vehicle; that there was a joint owner to the vehicle.

4. Data Ticket, Inc./Citation Processing Center, the third-party vendor, issued the speed camera ticket and was responsible for verifying vehicle ownership. Despite knowing that the vehicle had two registered owners, the vendor failed to investigate or communicate the ownership status, resulting in an arbitrary decision to prosecute the Plaintiff. The third-party vendor, thus fully aware of the joint ownership status from the affidavit submitted by Plaintiff, failed to conduct any further investigation, instead enabling the prosecution to move forward, showing deliberate indifference to the accuracy of the charges.

5. On date uncertain (Plaintiff believes sometime in mid to late August 2024), Sgt Westfall contacted Plaintiff by phone as a courtesy return call. During that telephone conversation Plaintiff informed Sgt Westfall that he was a joint owner of the vehicle. Plaintiff asked Sgt Westfall at this time why he was prosecuted and the co-owner of the vehicle was not. Sgt. Westfall answered the same as he did in open court on October 9, 2024: that it was because Plaintiff (in this case) was 'first on the registration.' Defendant Westfall was given constructive notice of joint ownership of the vehicle over a month prior to his testimony in court and still chose to selectively prosecute a case against Plaintiff. Despite being given notice of the vehicle's joint ownership over a month prior to the court

proceedings vis-a-vis this telephone conversation, Sgt. Westfall proceeded with the prosecution, demonstrating deliberate indifference to the need for a proper investigation into the responsible driver.

6. On October 9, 2024, Plaintiff's case was heard in the Harrisonburg-Rockingham General District Traffic Court.

7. During the trial, the case was dismissed for selective prosecution after Plaintiff's cross-examination of the City's witness, Sgt. Westfall.

8. Plaintiff asked Sgt. Westfall during cross-examination how ownership of the vehicle was proven. Sgt. Westfall testified that the City used a third-party vendor to verify ownership.

9. Plaintiff then asked why he, and not his father, was prosecuted, given that the vehicle had two registered owners. Sgt. Westfall responded that Plaintiff was prosecuted because his name was listed first on the vehicle registration, without any investigation into who was driving the vehicle.

10. The Court halted the proceedings, dismissed the case, and admonished the City Attorney and Sgt. Westfall for selective prosecution[1].

---

### IV. Causes of Action

**Count 1: Selective Prosecution (Equal Protection Violation)**

(Against the City of Harrisonburg, Sgt. Westfall, Attorney Russ, and Data Ticket, Inc./Citation Processing Center, the Third-Party Vendor)

---

[1] Immediately after Sgt Westfall testified that Plaintiff was charged because he "was first on the registration", the court halted the proceedings and stated, "Stop. This case is over. I've heard enough. I'm dismissing this case. [to Sgt. Westfall and Attorney Russ] You can't do that with joint owners." The General District Court is not a Court of Record and Judge Nagy did not use the actual words "constitutional violation' or "selective prosecution." This is Plaintiff's interpretation of the Courts verbal statements.

1. Defendants arbitrarily prosecuted Plaintiff for the speed camera violation while failing to prosecute the other co-owner (Plaintiff's father), without conducting any investigation to determine who was actually driving the vehicle.

2. City Attorney Wesley Russ, acting in his capacity as the city's civil attorney, participated in or endorsed the prosecution of Plaintiff despite knowing, or having constructive notice, that the decision was based solely on the order of names on the vehicle registration, without any factual basis or investigation.

3. By failing to investigate or endorsing this arbitrary selection, Russ contributed to the unequal treatment of Plaintiff under the law, violating Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment. Russ's involvement was administrative, not prosecutorial, and therefore not protected by absolute immunity.

4. The decision to prosecute Plaintiff was based on the arbitrary criterion of whose name appeared first on the registration[2], which has no relation to the guilt or innocence of either co-owner. This arbitrary action denies Plaintiff the same treatment as other similarly situated individuals, such as his co-owner, who were also presumed guilty under Code of Virginia § 46.2-882.1 but were not prosecuted.

5. Data Ticket, Inc./Citation Processing Center, the third-party vendor responsible for issuing the ticket and verifying vehicle ownership, failed to inform the City or law

---

[2]This selective prosecution criterion (Plaintiff charged because his name was first on the registration) was established twice by Sgt. Westfall: once during a phone conversation with Plaintiff prior to the court hearing, and again during Westfall's testimony in court. To further illustrate the ludicrousness of this method: Imagine the entire incident happened in person, not via an automatic speed camera. Plaintiff is in his car with his father, who is driving. They speed past Sgt. Westfall at 100 MPH. A mile down the road, Sgt. Westfall catches up to them, and both Plaintiff and his father are standing outside the vehicle. Instead of investigating and determining who was driving, Sgt. Westfall has both Plaintiff and his father write their names down on pieces of paper, puts them in a hat, draws a name, and proceeds to ticket Plaintiff for the infraction. This arbitrary method is the same flawed logic used when prosecuting Plaintiff simply because his name was listed first on the registration.

enforcement about the joint ownership of the vehicle. This contributed to the arbitrary decision to prosecute only Plaintiff and enabled the unequal treatment.

6. The decision to prosecute Plaintiff based solely on the order of names on the vehicle registration constitutes selective prosecution, violating Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment.

7. Defendants treated Plaintiff differently from his co-owner (his father), who was equally presumed guilty under Code of Virginia § 46.2-882.1, but was not prosecuted, resulting in unequal treatment under the law.

**Count 2: Failure to Investigate (Due Process Violation)**

(Against Sgt. Westfall, the City of Harrisonburg, and Data Ticket, Inc./Citation Processing Center, the Third-Party Vendor)

1. Defendants failed to conduct an investigation into who was driving the vehicle, despite both owners being equally presumed guilty under the law. This failure was a direct violation of Plaintiff's due process rights under the Fourteenth Amendment.

2. Data Ticket, Inc./Citation Processing Center, the third-party vendor responsible for verifying vehicle ownership, failed to properly investigate the vehicle's joint ownership status. Despite receiving the affidavit that disclosed joint ownership, the vendor provided incomplete or incorrect information to law enforcement, enabling an arbitrary prosecution.

3. The failure to investigate violated Plaintiff's due process rights, as Plaintiff was denied the opportunity to contest the charge based on a factual determination. Instead, the prosecution was driven by arbitrary factors unrelated to the violation itself.

4. The decision to prosecute Plaintiff was based solely on an arbitrary criterion—Plaintiff's name being listed first on the vehicle registration—rather than an investigation into who was responsible for the violation. This violated Plaintiff's constitutional right to due process by substituting an arbitrary decision for an evidence-based investigation.

**Count 3: Procedural Due Process Violation (Denial of Meaningful Defense)**

(Against the City of Harrisonburg and Data Ticket, Inc./Citation Processing Center, the Third-Party Vendor)

1. **Code of Virginia § 46.2-882.1** creates a rebuttable presumption of guilt based on speed camera evidence but limits the ability to rebut this presumption to those who were not driving or can name another driver.

2. This statutory framework denies defendants who were driving, or those unable to name the driver, the opportunity to present a meaningful defense against the citation in court, as their only available defenses involve claiming non-liability.

3. Plaintiff was limited in his defense options because the statute provides no mechanism for challenging the accuracy of the speed camera or raising other procedural defenses unless the Plaintiff could claim non-liability.

4. In practice, the City of Harrisonburg and Data Ticket, Inc./Citation Processing Center enforced the statute in a way that restricted Plaintiff's ability to fully contest the violation, depriving him of a meaningful opportunity to defend against the fine.

5. This failure to provide a mechanism for guilty drivers or those unable to name another driver to present a valid defense in fact in court constitutes a due process violation under the Fourteenth Amendment.

6. The procedural limitations created by the statute, and enforced by Defendants, deprived Plaintiff of the opportunity to meaningfully challenge the fine, violating his constitutional right to due process.

7. Further, the statute requires a defendant who was not driving to identify the actual driver to rebut the presumption of guilt. This forces defendants who lack direct knowledge of who was driving to offer speculative or hearsay testimony, both of which are inadmissible under Virginia's Rules of Evidence. This effectively forces defendants to choose between:

    - Offering legally invalid testimony, or
    - Failing to rebut the presumption, leaving them defenseless.

8. By requiring defendants to present such inaccurate or speculative testimony, the statute violates the basic rules of evidence and undermines their right to due process, as they are unable to meaningfully contest the speed camera violation in court.

## Count 4: Monell Claim (Municipal Liability)

(Against the City of Harrisonburg)

1. The City of Harrisonburg maintains a policy or custom of:

    a. Automatically prosecuting the first-listed owner on vehicle registrations for speed camera violations.

    b. Failing to investigate joint ownership situations despite being on notice.

    c. Delegating constitutional obligations to Data Ticket, Inc., without proper oversight.

    d. Failing to train officers and staff on handling joint ownership cases.

2. City Attorney Wesley Russ, acting as the final policymaker for civil enforcement:

    a. Endorsed and continued prosecutions based solely on the order of names on the

registration.

    b. Failed to establish procedures for investigating joint ownership situations.

3. Sgt. Westfall, as the supervisor of the speed camera program:

    a. Implemented and endorsed the arbitrary selection policy for prosecution.

    b. Testified in open court to the policy of prosecuting based on registration order.

    c. Continued enforcement of this policy after being on notice of constitutional concerns.

4. The City of Harrisonburg's policy of arbitrary selection for prosecution was:

    a. Consistently applied across cases involving jointly owned vehicles.

    b. Acknowledged in official communications and court proceedings.

    c. Defended by city officials despite its constitutional deficiencies.

    d. Maintained despite notice of its unequal application and constitutional violations.

5. The City demonstrated deliberate indifference by:

    a. Failing to investigate the joint ownership issue after receiving Plaintiff's affidavit on July 11, 2024.

    b. Continuing prosecutions after being notified of the joint ownership situation.

    c. Failing to implement proper procedures to determine the actual driver in joint ownership cases.

    d. Ignoring the constitutional implications of selectively prosecuting the first-listed owner without investigation.

    e. Failing to train staff and officers on constitutional requirements for due process and equal protection.

6. The City's policies and customs directly caused:

    a. Plaintiff's selective prosecution.

    b. A violation of Plaintiff's equal protection rights under the Fourteenth Amendment.

    c. A violation of Plaintiff's due process rights under the Fourteenth Amendment.

    d. Monetary damages and other harms suffered by Plaintiff.

## V. Relief Sought

Plaintiff respectfully requests that this Court grant the following relief:

1. Compensatory damages in an amount to be determined at trial, to compensate Plaintiff for the violation of his constitutional rights.

2. Punitive damages against Sgt. Westfall, the City's Attorney – Wesley Russ, and Data Ticket Inc./Citation Processing Center, the Third-Party Vendor for their roles in selectively prosecuting Plaintiff and failing to investigate.

3. Declaratory and injunctive relief, declaring that the application of Code of Virginia § 46.2-882.1 violates Plaintiff's constitutional rights and enjoining the City of Harrisonburg from enforcing it in its current form.

4. An order requiring the City of Harrisonburg and Data Ticket, Inc./Citation Processing Center to provide an accounting of funds collected through the speed camera program and issue restitution where appropriate.

5. Any other relief this Court deems just and proper.

## VI. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to **Federal Rule of Civil Procedure 38(b)**.

**Certification Pursuant to Rule 11**

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, I hereby certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

1. This complaint is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2. The claims, defenses, and other legal contentions herein are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

3. The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

4. The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Respectfully submitted by,

*[signature]*    10/15/2024

Scott M. Boger, pro se
PO Box 749
Mount Jackson, VA 22842
540-860-0353