CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
December 10, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Scott M. Boger, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:24-cv-00083 |
| | ) | |
| City of Harrisonburg, Virginia *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM OPINION**

Plaintiff Scott M. Boger, proceeding *pro se*, brought this action to challenge the City of Harrisonburg, Virginia's methods of prosecuting traffic infractions based on footage from speed monitoring cameras. Boger alleges that he received a ticket for a speed camera violation solely because the title and registration of the vehicle in question listed him as a co-owner. After receiving the ticket, he asserted that he was not driving the vehicle at the time of the violation and requested a hearing in state court. After the state court dismissed the case, Boger filed this lawsuit against the City of Harrisonburg, two city officials involved in the prosecution, and Altumint, Inc., the third-party vendor that administers Harrisonburg's speed camera program. His amended complaint alleges several causes of action under the U.S. Constitution and Virginia law and seeks damages, a declaratory judgment, and injunctive relief.

This matter is before the court on Boger's motion for a temporary injunction (Dkt. 3). Boger asks the court to enjoin the enforcement of Virginia Code § 46.2-882.1, which governs the prosecution of speeding violations based on speed camera footage. He argues that the

statute, both facially and as applied to his case, violates the Fourteenth Amendment's Due Process Clause and Equal Protection Clause because it limits the evidence a defendant may present to defend against an alleged traffic infraction based on speed camera footage.

For the reasons stated below, the court concludes that Boger lacks Article III standing to seek either temporary or permanent injunctive relief, as he has not alleged that he faces any imminent threat of future prosecution under § 46.2-882.1. Accordingly, the court will dismiss Boger's motion for a temporary injunction for lack of subject matter jurisdiction. The claims in Boger's amended complaint seeking injunctive relief will be dismissed without prejudice for the same reason.

## I.    Background

### A. Factual History

On July 9, 2024, Boger received a ticket for a speed camera infraction in Harrisonburg, Virginia. (Am. Compl. at 7 (Dkt. 9).) Boger was listed as a co-owner of the ticketed vehicle on the vehicle's title and registration, but he asserts that he was not driving it at the time of the infraction. (*Id.* at 7–8; *see* Am. Compl. Ex. F at 2 (Dkt. 9-6).)

Virginia Code § 46.2-882.1 governs the use of speed cameras in the Commonwealth and the prosecution of infractions based on speed camera footage. The statute provides that the operator of a vehicle that a camera captures speeding in certain zones is liable for a civil penalty up to $100. Va. Code. Ann. § 46.2-882.1(C). It creates a rebuttable presumption that the owner of the vehicle was the person who committed the speeding violation, and then enumerates two ways the owner may rebut that presumption. *Id.* § 46.2-882.1(E). First, the owner may "file[] an affidavit by regular mail with the clerk of the general district court that

he was not the operator of the vehicle at the time of the alleged violation and provide[] the name and address of the person who was operating the vehicle at the time of the alleged violation." *Id.* Second, the owner may provide that same information through sworn testimony in open court. *Id.* The statute separately states that any photographs, video, or other recorded images "evidencing [a speed camera] violation shall be available for inspection in any proceeding to adjudicate the liability for such vehicle speed violation." *Id.* § 46.2-882.1(D).

On July 11, 2024, Boger mailed an "affidavit of non-operation" to Altumint/Citation Processing Center, the vendor that administers Harrisonburg's speed camera program. (Am. Compl. at 8; *see* Am. Compl. Ex. C at 2 (Dkt. 9-3) [hereinafter "Boger Aff."].) In the affidavit, Boger stated that he was not driving the vehicle at the time of the violation and explained he was not the sole owner of the vehicle. (Boger Aff. at 2.) After receiving no response from Altumint, he sent a copy of the affidavit to the Clerk of the Harrisonburg-Rockingham General District Traffic Court and requested a hearing. (Am. Compl. at 8–9.) A few days later, the Clerk returned the affidavit and stated that it should be addressed to the "photo ticketing company" (presumably Altumint). (*Id.* at 8.)

Around late August 2024, Boger had a phone conversation with Sergeant Wayne Westfall about the speeding ticket. (*Id.* at 8–9.) Westfall is a police officer employed by the City of Harrisonburg who is involved in overseeing the City's speed camera enforcement program. (*Id.* at 5.) During their conversation, Boger informed Westfall that he was a joint owner of the ticketed vehicle and asked "why he was prosecuted and the co-owner of the

vehicle was not." (*Id.* at 8–9.) Westfall told Boger that he received the ticket because he was listed "first on the registration." (*Id.* at 9.)

The Harrisonburg-Rockingham General District Traffic Court held a hearing on Boger's case on October 9, 2024. (*Id.*) While testifying at the hearing, Westfall again stated that Boger "was prosecuted because his name was listed first on the vehicle registration, without any investigation into who was driving the vehicle." (*Id.*) According to Boger, the court then "halted the proceedings, dismissed the case, and admonished the City Attorney [Wesley Russ] and Sgt. Westfall" for prosecuting Boger based on his co-ownership of the vehicle. (*Id.*) Boger alleges that the court stated: "Stop. This case is over. I've heard enough. I'm dismissing this case. . . . You can't do that with joint owners." (*Id.* at 9 n.4.)

**B. Procedural History**

Boger filed his original complaint against Defendants City of Harrisonburg, Westfall, Russ, and Data Ticket Inc./Citation Processing Center[1] on October 16, 2024. (*See* Compl. (Dkt. 1).) He filed a first amended complaint as of right on October 25, 2024. (*See* Am. Compl.) His amended complaint includes ten causes of action that challenge the City of Harrisonburg's methods of prosecuting speed camera violations and, more broadly, Virginia's statutory framework for speed camera enforcement. Counts 1–6 allege claims for violations of the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment, as well as a violation of the First Amendment. (*Id.* at 10–18.) Count 7 alleges a violation of the Virginia Constitution's due process clause. (*Id.* at 18–19.) Count 8 alleges a violation of

---

[1] Boger's amended complaint clarifies that this Defendant's correct legal name is Altumint, Inc. (Am. Compl. at 6.)

Virginia Code § 46.2-882.1. (*Id.* at 19–20.) And Counts 9 and 10 assert claims for common-law negligence and civil conspiracy under Virginia law, respectively. (*Id.* at 20–21.)

Boger seeks compensatory and punitive damages as well as declaratory and injunctive relief. (*Id.* at 22–23.) He asks the court for an injunction "declaring that the application of Code of Virginia § 46.2-882.1 violates [his] constitutional rights and enjoining the City of Harrisonburg from enforcing it in its current form." (*Id.* at 22.) Boger argues that the statute violates due process requirements because it limits the defenses a vehicle owner may raise to rebut the presumption of guilt based on speed camera footage. (*Id.* at 13.) In addition, Boger requests injunctive relief requiring (1) the general district court clerk to accept affidavits filed in response to alleged speed camera violations, (2) the City of Harrisonburg to modify the instructions for filing affidavits provided in summonses, and (3) the City to stop delegating "judicial functions" to Altumint. (*Id.* at 22–23.)

The same day he filed his original complaint, Boger filed the pending motion for a temporary injunction. (Mot. for Temp. Inj. (Dkt. 3).) He asks the court to temporarily enjoin the enforcement of § 46.2-882.1 until the court can rule on the constitutionality of the statute. (*Id.* at 1–2.) The City of Harrisonburg, Westfall, and Russ (the "Harrisonburg Defendants") filed a response opposing the motion, and Boger filed a reply. (Harrisonburg Defs.' Opp'n to Pl.'s Mot. for Temp. Inj. (Dkt. 17) [hereinafter "Harrisonburg Defs.' Opp'n"]; Pl.'s Reply to Defs.' Opp'n to Mot. for Temp. Inj. (Dkt. 19).) The court determined that a hearing is not necessary and will resolve the motion on the parties' briefs.

## II. Standard of Review

A federal court may hear a case only when it has subject matter jurisdiction. Under Article III of the U.S. Constitution, a federal court may exercise subject matter jurisdiction only over "cases" and "controversies." U.S. Const. Art. III, § 2; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). "Embedded in this limitation is a set of requirements that together make up the 'irreducible constitutional minimum of standing.'" *Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 653 (4th Cir. 2019) (quoting *Lujan*, 504 U.S. at 560) (internal quotation marks omitted). To establish Article III standing, a plaintiff must show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

"A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). To obtain a preliminary injunction, a plaintiff must demonstrate (1) by a "clear showing" that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm without preliminary relief; (3) that the balance of equities tips in his favor; and (4) that a preliminary injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Di Biase*, 872 F.3d at 230. A preliminary injunction should be granted "only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001).

### III. Analysis

**A. Boger's Standing to Seek Injunctive Relief**

In their response to the motion for a temporary injunction, the Harrisonburg Defendants suggest that Boger lacks Article III standing to seek injunctive relief because he has not shown a sufficient risk of future injury. (Harrisonburg Defs.' Resp. at 9–10.) While Defendants have not yet filed a motion to dismiss, the court may resolve questions about its subject matter jurisdiction "at any point during the proceedings." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). To resolve Boger's motion, the court must determine whether he has standing to seek an injunction, temporary or otherwise.

Boger argues that he has Article III standing to request injunctive relief because (1) he suffered a concrete injury when the City of Harrisonburg prosecuted him for the speeding infraction, and (2) even though his case was dismissed, "the speed camera program continues to operate, subjecting [him] and similarly situated individuals to a substantial and ongoing risk of unconstitutional enforcement." (Mot. for Temp. Inj. at 2–3.) Defendants counter that Boger's "hypothetical fear that he may be prosecuted again and not given an opportunity to rebut the presumption" of guilt is too speculative to establish standing. (Harrisonburg Defs.' Resp. at 10.)

In suits for injunctive relief, the injury-in-fact element for Article III standing requires a plaintiff to "allege an injury that is concrete, particularized, and immediately threatening." *Griffin*, 912 F.3d at 653. The Supreme Court has clarified that the threatened injury must be "imminent" and that "allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original) (citation omitted). While imminence

is "a somewhat elastic concept," a future injury needs to be "certainly impending" to provide the basis for standing. *Griffin*, 912 F.3d at 655 (citation omitted). A "conjectural or hypothetical" threat of injury is not enough. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal quotation marks omitted). A plaintiff's past exposure to unlawful conduct is relevant evidence bearing on the threat of future injury, but it "does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)).

Here, Boger has not alleged a threatened future injury that satisfies these constitutional requirements. His amended complaint does not suggest there is any "imminent" threat that he will face another prosecution for a speed camera violation based on his co-ownership of the vehicle. Indeed, such an injury is contingent on several different events occurring. Boger would suffer the injury only if (1) a speed camera captured the same vehicle (or another vehicle he owned) speeding; (2) Boger was not driving the vehicle at the time; and (3) the City of Harrisonburg or another Virginia locality chose to ticket Boger for the speeding violation solely based on his ownership of the vehicle and/or limited his ability to present defenses to liability. The amended complaint merely alleges that Boger and his "lead-footed father" (the vehicle's co-owner) regularly drive through areas with speed cameras and that Boger "remains a co-owner of vehicles, leaving him vulnerable to arbitrary prosecutions under the City's current policy of prosecuting the first-listed owner." (Am. Compl. at 4.) At most, these limited allegations suggest that Boger *might* face a similar prosecution in the future. They do not come close to demonstrating that one is "certainly impending." *Griffin*, 912 F.3d at 655. And Boger's

past prosecution, which the state court dismissed, does not by itself establish a sufficient risk of future injury. *See Lyons*, 461 U.S. at 102–03.

The fact that Boger's alleged future injury is contingent on unlawful conduct—speeding—only reinforces this conclusion. When evaluating a plaintiff's risk of suffering a future injury, courts "assume that [plaintiffs] will conduct their activities within the law." *Doe v. Sutton-Wallace*, No. 3:18-cv-00041, 2019 WL 5088769, at *6 (W.D. Va. Oct. 10, 2019) (quoting *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 249 (4th Cir. 2005)). The Supreme Court has repeatedly held that Article III standing requirements are not "satisfied by general assertions or inferences that in the course of their activities [plaintiffs] will be prosecuted for violating valid criminal laws." *O'Shea*, 14 U.S. at 497; *see also Lyons*, 461 U.S. at 102–03 (same). To be sure, Boger's alleged risk of future injury does not turn on *his* violation of Virginia traffic laws—it instead focuses on the risk that a speed camera will capture *another person* speeding in a vehicle Boger owns. Still, the court cannot diagnose a future injury as "imminent" based on a conclusory assumption that others will violate Virginia traffic laws when driving vehicles Boger owns.

Boger also asserts that the harm caused by § 46.2-882.1 "is ongoing, and the program's violations are capable of repetition, yet evading review." (Mot. for Temp. Inj. at 3.) This argument is unavailing. For one, the capable-of-repetition rule is an exception to the mootness doctrine. *See Williams v. Ozmint*, 716 F.3d 801, 809–10 (4th Cir. 2013). Because Boger did not file this action until after the state court dismissed his prosecution, the jurisdictional question is properly analyzed under Article III standing requirements, not as a mootness question. In any event, Boger has not alleged an injury that is capable of repetition yet evading review. The

- 9 -

capable-of-repetition rule "applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *Lyons*, 461 U.S. at 109. For the reasons already discussed, Boger cannot make such a showing here. *See, e.g.*, *Williams*, 716 F.3d at 809–10 (declining to hold that plaintiff's claims were capable of repetition yet evading review because they "rest[ed] either on mere speculation, or on the possibility that [the plaintiff would] violate prison rules in the future").

Lastly, Boger argues that "similarly situated individuals" also face a substantial risk of unlawful prosecution under § 46.2-882.1. (Mot. for Temp. Inj. at 2–3.) This argument fails because Boger "may not claim standing . . . to vindicate the constitutional rights of some third party." *Moss v. Spartanburg Cnty. Sch. Dist. Seven*, 683 F.3d 599, 606 (4th Cir. 2012) (quoting *Barrows v. Jackson*, 346 U.S. 249, 255 (1953)). Even if he could, he has not alleged facts indicating that any other person faces an imminent threat of future injury. Boger filed one affidavit from another individual who asserts the City of Harrisonburg prosecuted her for a speed camera violation involving a vehicle she co-owned, and that the Harrisonburg-Rockingham General District Traffic Court dismissed her case on the same day it dismissed Boger's. (Aff. of Whitney Thomas Sours at 1–2 (Dkt. 36-1).) But this account does not suggest that either the affiant or Boger faces any immediate threat of future prosecution.

## IV.    Conclusion

For the foregoing reasons, the court will dismiss Boger's motion for a temporary injunction (Dkt. 3) for lack of subject matter jurisdiction. Because Boger also lacks Article III standing to seek permanent injunctive relief, the court will dismiss the claims for injunctive

relief in his amended complaint (Dkt. 9) without prejudice for lack of subject matter jurisdiction.[2]

An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this 10th day of December, 2024.

/s/ *Jasmine H. Yoon*
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

---

[2] The Harrisonburg Defendants briefly suggest that Boger also lacks Article III standing to seek damages or declaratory relief because he has not suffered any past injury. (Harrisonburg Defs.' Resp. at 9–10.) Defendants have not yet filed motions to dismiss, and they may choose to move for dismissal on that ground.