CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

03/27/2026

LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| Scott Boger, | ) | |
|     Plaintiff, | ) | Civil Action No. 5:24-cv-00083 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| City of Harrisonburg, Virginia, et al., | ) | By:   Joel C. Hoppe |
|     Defendants. | ) |        United States Magistrate Judge |

This matter is before the Court pro se Plaintiff Scott Boger's third Motion for Sanctions under Rule 11(b) of the Federal Rules of Civil Procedure. Pl.'s Mot., ECF No. 90. Boger seeks sanctions against City Defendants for the legal analysis "contained in their 'City Defendants' Opposition to Plaintiff's Motion to Alter or Amend Judgment and Motion for Leave to File a Third Amended Complaint.'" *Id.* at 1 (citing City Defs.' July 2 Br., ECF No. 83 (July 2, 2025)). In particular, he objects that defense counsel improperly argued that Rule 59(e) applied to his "Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e)," ECF No. 80, when counsel knew, or should have known, the Court had not entered a "final judgment" as to all parties. *See* Pl.'s Mot. 3–6. He also asserts that the brief contained a "misleading" factual assertion, *id.* at 6, and was "part of a pattern of advancing legally untenable positions for tactical advantage" in this case, *id.* at 7. Boger's motion is fully briefed, ECF Nos. 90, 92, 93, and can be resolved without a hearing. Fed. R. Civ. P. 78(b); W.D. Va. Civ. R. 11(b).

## I. Legal Framework

"Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). When an attorney or unrepresented party "present[s] to the court a pleading, written motion, or other paper[,] whether by signing, filing, submitting, or later advocating it," he

1

or she "certifies . . . to the best of the person's knowledge, information, or belief, formed after an inquiry reasonable under the circumstances" that the paper meets four substantive requirements:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)–(4). The Fourth Circuit applies an "objective reasonableness" test to determine whether a paper violated Rule 11(b) at the time the signer presented it. *Guidry v. Clare*, 442 F. Supp. 2d 282, 288–89 (E.D. Va. 2006); *see also In re Kunstler*, 914 F.2d 505, 514, 518–19 (4th Cir. 1990); *United States v. Henry*, No. 2:07cv342, 2017 WL 1065820, at *1 (E.D. Va. Mar. 20, 2017).

"A motion for sanctions . . . must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). "The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* The moving party bears the burden to show both that the Rule 11(b) violation occurred and that its requested sanction is warranted under the circumstances. *Henry*, 2017 WL 1065820, at *1. "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction" on the responsible party. Fed. R. Civ. P. 11(c)(1). Any sanction "must be limited to what suffices to deter" similar litigation misconduct by that party and "others similarly situated." *Id.*; *see In re*

2

*Kunstler*, 914 F.2d at 514, 522. The court has broad discretion both to determine whether the paper violated Rule 11(b) and in crafting any appropriate sanction. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

## II. Background & Procedural History

The Honorable Jasmine H. Yoon, presiding District Judge, has discussed this case's history at length in prior opinions. *See* Mem. Op. of June 17, 2025, at 2–8, ECF No. 78; Mem. Op. of Dec. 9, 2025, at 2–6, ECF No. 98. The following information is relevant to Boger's pending *third* motion for Rule 11 sanctions at ECF No. 90 (Aug. 14, 2025).[1]

Boger filed this action in October 2024. ECF No. 1. That December, he filed a Second Amended Complaint alleging violations of his constitutional rights, "specifically for selective prosecution, failure to investigate, and deprivation of due process and equal protection." ECF No. 49, at 1 (emphasis omitted). The City Defendants moved to dismiss the action under Rules 12(b)(1) and 12(b)(6). *See* ECF Nos. 51, 52. In January 2025, the parties agreed that Defendant Altumint, Inc., did not need to file a responsive pleading until 21 days after Judge Yoon entered an order resolving the City Defendnats' pending motion to dismiss. *See* ECF Nos. 59, 61.

On June 17, 2025, Judge Yoon issued a memorandum opinion, ECF No. 78, and order, ECF No. 79, that granted the City Defendants' motion and dismissed Boger's claims without prejudice under Rule 12(b)(6). *See* Mem. Op. of June 17, 2025, at 16–27; *accord* Order of June 17, 2025, at 1. This Order did not "direct entry of a final judgment as to" any claims or parties in the action, Fed. R. Civ. P. 54(b). *See* Order of June 17, 2025, at 1; Mem. Op. of Dec. 9, 2025, at 8–9. It also did not address Boger's claims against Altumint. *See* Order of June 17, 2025, at 1.

---

[1] Boger's *fourth* motion for Rule 11(b) sanctions is pending at ECF No. 106 (Jan. 30, 2026).

Three days later, On June 20, Boger filed a motion captioned "Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure." Pl.'s R. 59(e) Mot., ECF No. 80; *see* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."). In it, Boger asked Judge Yoon to "reconsider" the part of her June 17 Order that dismissed Count 1 so as to "correct clear errors of law and prevent manifest injustice." *Id.* at 1; *see generally id.* at 2–10 (specific arguments). His arguments why Judge Yoon should "vacate" that part of her order relied exclusively on Rule 59(e) and the legal standard articulated in *Robinson v. Wix Filtration Corporation*, 599 F.3d 403 (4th Cir. 2010).[2] *See* Pl.'s R. 59(e) Mot. 3, 7, 11. On June 23, Boger filed a Motion for Leave to file a Third Amended Complaint under Rule 15(a)(2). ECF No. 81. He argued that his proposed pleading "directly addresses specific deficiencies" that Judge Yoon identified in her June 17 Memorandum Opinion, including by "[r]eframing Count 1 to clarify" that his Equal Protection claim is "not subject to rational basis review." *Id.* at 1; *see* Mem. Op. of June 17, 2025, at 17–20. His proposed Third Amended Complaint also contained five other counts that Judge Yoon previously dismissed under Rule 12(b)(6), but which Boger did not mention in his pending Rule 59(e) motion.

On July 2, 2025, the City Defendants filed one brief opposing Boger's "two interrelated motions." *See* City Defs.' July 2 Br. 1 (citing *Mayfield v. NASCAR*, 674 F.3d 369, 378 (4th Cir. 2012)). On Count 1, they argued that Boger had "not shown any intervening change in law,

---

[2] "Rule 59(e) provides that a court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or manifest injustice." *Robinson*, 599 F.3d at 407; *accord* Pl.'s R. 59(e) Mot. 1 ("A Rule 59(e) motion may be granted to correct a clear error of law or prevent manifest injustice." (citing *Robinson*, 599 F.3d at 407)).

newly discovered evidence, or clear error of law to satisfy reconsideration under Rule 59(e)."[3]

*Id.*; *accord id.* at 4–8 (responding to Boger's specific arguments why reconsideration and vacatur of Count 1 was warranted). They also discussed binding Fourth Circuit precedent that a "plaintiff may not amend a complaint after judgment has been entered unless the judgment is first vacated under Rule 59(e)." *Id.* at 3 (citing *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471; *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc)). Mirroring Boger's express reliance on Rule 59(e), City Defendants' counsel explained that,

> [i]n this context, *the standards under Rule 59(e) and Rule 15(a) collapse*, allowing the court to turn to the standard applicable to the motion to amend. *Daulatzai v. Maryland*, 97 F.4th 166, 178–79 (4th Cir. 2024). "*Rule 15(a) and Rule 59(e) motions rise and fall together*. Thus, to evaluate whether the motion to reconsider should have been granted, we must determine whether the denial of the motion for leave to amend was proper." *Mayfield*, 674 F.3d at 378–79. . . . Accordingly, if the Court finds that the proposed amendment would cure the defects in the dismissed claim, then vacatur of the judgment may be appropriate to allow amendment [under Rule 15(a)(2)]. But if the amendment would be futile, then the denial of leave to amend was proper, and the Rule 59(e) motion must be denied.

*Id.* (emphasis added).[4]

Separately, City Defendants argued that Boger's proposed "new allegations that he received a second speed camera citation in January 2025, which was later voluntarily dismissed by the City prior to a scheduled hearing" did not state a plausible Equal Protection claim because, "Plaintiff does not allege that he paid a fine, *appeared in court*, or suffered any concrete harm as a result of the second citation."[5] *Id.* at 11.

---

[3] Boger's motion for sanctions claims that the reliance on Rule 59(e), specifically, was "frivolous," "baseless," and "unambiguously foreclosed" by binding Fourth Circuit precedent. *See* Pl.'s Mot. 3–5 (citing Fed. R. Civ. P. 11(b)(2)).

[4] Boger's motion claims that the italicized text violated Rule 11(b)(1). Pl.'s Mot. 5–6; Pl.'s Reply 1–2.

[5] Boger's motion claims that the italicized text violated Rule 11(b)(3). Pl.'s Mot. 6 (Plaintiff's Pleadings Indicate Court Appearance: While not using explicit language, Plaintiff's Third Amended Complaint clearly alleges that City Attorney Brown 'announced the voluntary dismissal before the judge in open

Boger filed a combined reply on July 7, 2025. Pl.'s July 7 Reply, ECF No. 84. In it, he argued that Rule 59(e) was irrelevant because Judge Yoon's June 17 Order did not address Boger's claims against Altumint. *See id.* at 1–3. Under Rule 54(b), then, that Order did "not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities," Fed. R. Civ. P. 54(b). *See* Pl.'s July 7 Reply 2–3. And because this Order was not "a final judgment," City Defendants were wrong to argue that the more demanding "post-judgment standards for amendment" applied to his Motion for Leave to File Third Amended Complaint (ECF No. 81). *See id.* at 2 & n.1. He asked Judge Yoon to apply Rule 15(a)'s liberal "freely grant leave" standard. *See id.* at 2–3. Boger also accused City Defendants' counsel of "fundamentally mischaracteriz[ing]" this case's procedural posture, *id.* at 2, and "taking advantage" of the fact that Boger "technically improperly labeled" his Motion to Amend or Alter Judgment (ECF No. 80) as coming under Rule 59(e) rather than Rule 54(b), *id.* at 2 n.1.

Separately, Boger disputed City Defendants' statement that his proposed Third Amended Complaint "'does not allege that he paid a fine, appeared in court, or suffered any concrete harm as a result of the second citation.'" *Id.* at 23 ("This is both factually and legally incorrect."). From Boger's perspective, his proposed pleading "actually [did] indicate that he appeared in court for the second citations." *Id.* It "also alleges that [he] 'incurred financial and legal burdens defending against an invalid citation' each time the City enforced its unconstitutional policy against him. These burdens included time, effort, and expense responding to prosecution,

---

court' and that Plaintiff was 'prevented from presenting his arguments.' (Third Am. Compl. ¶ 21). The only reasonable inference is that Plaintiff was present." (emphasis omitted)).

regardless of whether a fine was ultimately paid or a hearing was held." *Id.* at 24 (citations omitted).

*

On Monday, July 14, Boger emailed a "safe harbor" notice and copy of his third motion for Rule 11 sanctions to City Defendants' counsel. City Defs.' Br. in Opp'n Ex. A, at 11, 14, ECF No. 92-1; *see* Pl.'s Mot. 1–2; Fed. R. Civ. P. 11(c). Boger demanded that City Defendants take six "corrective action[s]" within the next 21 days:

> 1. Withdraw the misleading assertion that Plaintiff did not appear in court or suffer concrete harm from the second citation
>
> 2. Acknowledge that Plaintiff's allegations reasonably indicate his presence at the second citation hearing
>
> 3. Withdraw all arguments relying on the existence of a "final judgment"
>
> 4. Withdraw all arguments applying Rule 59(e) standards to Plaintiff's Motion to Alter or Amend
>
> 5. Concede that the June 17, 2025 order is interlocutory under Rule 54(b) and subject to revision
>
> 6. Stipulate that Rule 15(a)'s liberal pre-judgment standard applies to Plaintiff's Motion for Leave to Amend.

City Defs.' Ex. A, at 13 (emphasis omitted).

City Defendants' counsel responded to Boger's notice on July 22. City Defs.' Br. in Opp'n Ex. B, at 1–2, ECF No. 92-2. She explained that their July 2 brief applied Rule 59(e) because Boger's "motion to alter judgment was expressly filed under Rule 59(e), and [their] obligation was to respond to the motion as presented, not to speculate on what alternative procedural vehicle might have been appropriate." *Id.* at 1. She also noted that Boger's "shift [to Rule 54(b)] was raised for the first time in [his] reply" brief, thus depriving her clients "of any opportunity to respond under the briefing structure set forth in Local Rule 11."[6] *Id.* City

---

[6] Local Rule 11 forbids sur-replies without first obtaining the court's leave. W.D. Va. Civ. R. 11(c).

Defendants' counsel asked Boger if he would "have an objection to [them] filing a motion to file a sur-reply." *Id.* She also explained in greater detail why City Defendants "disagreed" with Boger's position that his proposed Third Amended Complaint "plausibly alleges a concrete injury" related to the second citation. *See id.* at 1–2 ("You disagree with our position, but disagreement does not make our position sanctionable.").

Boger replied late on July 22. *See* City Defs.' Br. in Opp'n Ex. C, at 1–4, ECF No. 92-3. "As to [City Defendants'] request for a sur-reply," Boger said he "100% would file an opposition and object to it" as one more improper attempt to "get the last word in" over a pro se plaintiff. *Id.* at 1–2; *see id.* at 3–4. He proposed a "partial solution that [he] think[s] will work . . . [and] does not require a sur-reply." *Id.* at 1. Specifically, Boger would "give [City Defendants] another bite at the apple and move for leave to file a 4th Amended Complaint—fixing the two errors [they] flagged in the proposed 3rd." *Id.* at 3. "That way, [they] can re-argue futility or any other issues with a clean record on a [new] motion for leave to amend." *Id.* ("Treat it as a fresh start: you'll have the full opportunity to address every discrete point you wish on the new motion for leave."). Boger also noted his own "research suggest[ed] courts rarely grant motions for reconsideration anyway, so [City Defendants] are probably safe on that front." *Id.* He did not offer to withdraw his re-styled Rule 54(b) motion, however. *See id.* "In conclusion," Boger told City Defendants' counsel,

> unless you cure [the July 2 brief], I'm filing the sanctions motion regardless – as a record preservation tactic for the 4th Circuit. In the end, even if it ends up only being my "opinion", it was a dirty tactic that crossed an ethical line and a legal boundary. I may not be able to get accountability for it, but I can put it on the record for others to find and see, and use if your pattern continues.

*Id.* at 3–4; *see id.* at 1–2. The next day, Boger filed a "Motion for Leave to file Fourth Amended Complaint." ECF No. 87 (July 23, 2025). He made this request because he "identified two drafting errors in the proposed Third Amended Complaint, highlighted by [City] Defendants in

8

their [July 2] opposition brief." *Id.* at 1; *see* Mem. Op. of Dec. 9, 2025, at 6 ("The proposed fourth amended complaint does not materially differ from the third amended complaint.").

On August 4, 2025, City Defendants filed their brief opposing Boger's new motion for leave to amend. City Defs.' Aug. 4 Br., ECF No. 88. They urged the Court to deny leave under Rule 15(a)(2) primarily because Boger's proposed Fourth Amended Complaint did not state a claim for relief and did not cure the pleading defects that Judge Yoon identified in her June 17 dismissal order. *See generally id.* at 1–12. City Defendants' counsel also candidly acknowledged that their July 2 brief opposing Boger's motion to reconsider used an incorrect legal standard:

> Plaintiff initially moved for reconsideration of the Court's dismissal order under Federal Rule of Civil Procedure 59(e) (ECF 80) and moved for leave to file a third amended complaint (ECF 91). [City] Defendants responded to the motions as presented (ECF 83). In reply Plaintiff argued that he should have proceeded under Rule 54(b). (ECF 84). Regardless of Plaintiff's shifting procedural theories, because no final judgment has been entered as to *all* parties, the Court's June 17, 2025 Memorandum Opinion *remains interlocutory and the Court is not required to reconsider or vacate its prior interlocutory order before addressing Plaintiff's motion for leave to amend.*

*Id.* at 2 n.2 ("Legal Standard") (second emphasis added).

On December 9, 2025, Judge Yoon issued a Memorandum Opinion, ECF No. 98, and Order, ECF No. 99, on Boger's motion to alter or amend judgment (ECF No. 80), motion for leave to file a third amended complaint (ECF No. 81), and motion for leave to file a fourth amended complaint (ECF No. 87). Judge Yoon denied all three motions. Order of Dec. 9, 2025, at 1.[7] Her accompanying Memorandum Opinion analyzed Boger's motions for leave to file his proposed amended complaints under Rule 15(a)(2) and his motion to reconsider the June 17

---

[7] On January 9, 2026, Boger filed a notice of appeal "from the final order(s) entered in this case on June 17, 2025, and December 9, 2025." ECF No. 102 (citing ECF Nos. 78, 79, 98, 99). This Court retains jurisdiction to resolve Boger's pending Rule 11 motion because "the issue of [sanctions] is separate from the merits of the appeal." *Mountain Valley Pipeline, LLC v. 8.37 Acres of Land by Terry*, 101 F.4th 350, 360 (4th Cir. 2024) (citing *Langham-Hill Petroleum, Inc. v. S. Fuels Co.*, 813 F.2d 1327, 1331 (4th Cir. 1987)).

Order under Rule 54(b). *See* Mem. Op. of Dec. 9, 2025, at 6–9 (standards of review); *id.* at 9–16 (futility analysis under Rule 15(a)(2)); *id.* at 8, 17–20 (Rule 54(b) analysis).

**

Boger filed this motion for Rule 11 sanctions on August 14, 2025. Pl.'s Mot. 1. He contends that the City Defendants' July 2 brief violated Rules 11(b)(1) and (b)(2) because it argued Rule 59(e) applied to Boger's motion to reconsider when counsel knew, or should have known, that Judge Yoon's June 17 Order could be revised under Rule 54(b). *See id.* at 3–6 (citing City Defs.' July 2 Br. 1–4). He also asserts that the brief "misleadingly" stated that his proposed Third Amended Complaint did not allege that he "appeared in court" on the second citation, which he claims violated Rule 11(b)(3). *See id.* at 6–7 (citing City Defs.' July 2 Br. 11).[8] Boger asks the Court to find that the July 2 brief violated Rule 11(b) in the ways he describes; order City Defendants to take the six corrective actions listed in his July 14 safe harbor notice; and to award Boger "reasonable costs incurred in addressing [D]efendants' frivolous arguments." *See id.* at 8–9; City Defs.' Ex. A, at 13 (listing six "demand[s] for corrective action").

City Defendants oppose Boger's motion for the reasons explained in their response to his safe harbor notice. *See generally* City Defs.' Br. in Opp'n 1–8. They also note that their August 4 brief "clarified the procedural posture in full transparency to the Court, expressly stating that 'no final judgment has been entered as to all parties' and that the Court's June 17 Memorandum Opinion 'remains interlocutory.'" *Id.* at 2 (quoting City Defs.' Aug. 4 Br. 2 n.2).

---

[8] Boger's allegation that this brief was also "part of a pattern of advancing legally untenable positions for tactical advantage" in this case, *id.* at 7, does not "describe the specific conduct that allegedly violates Rule 11(b)," Fed. R. Civ. P. 11(c)(2). *See* City Defs.' Br. in Opp'n 8 ("Rule 11 requires that the notice describe the specific conduct alleged to be sanctionable and provide an opportunity to cure. Generalized complaints about phrasing or litigation strategy do not meet that standard and cannot support sanctions.").

III. Discussion

Under Rule 11, Boger bears the burden to show the specific arguments or contentions in City Defendants' July 2 brief violated Rule 11(b) in the manner he describes. *Henry*, 2017 WL 1065820, at *1. He has not done so.

The Fourth Circuit applies an "objective reasonableness" test to determine whether a paper violated Rule 11(b) at the time the signer presented it. *Guidry*, 442 F. Supp. 2d at 288–89. Subsection (b)(1) "focuses upon the improper" reason for presenting a paper, "objectively tested, rather than the consequences of the signer's act, subjectively viewed by the signer's opponent." *In re Kunstler*, 914 F.2d at 518 (quotation marks omitted). Subsections (b)(2) and (b)(3) require the signer to "conduct a prefiling investigation of law and fact which is objectively reasonable under the circumstances." *Harmon v. O'Keefe*, 149 F.R.D. 114, 116 (E.D. Va. 1993) (citing *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)). Legal argument violates "Rule 11(b)(2) when in applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his [or her] actions to be legally justified." *Morris v. Wachovia Secs., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (quotation marks omitted). Factual contentions violate "Rule 11(b)(3) when they are unsupported by *any* information obtained prior to filing." *Id.* (quotation marks omitted). Whether a paper "has a foundation in fact or is well grounded in law will often influence the determination of the signer's purpose" as addressed in Rule 11(b)(1). *See In re Kunstler*, 914 F.2d at 518.

*

Boger asserts that City Defendants' initial reliance on Rule 59(e) violated Rule 11(b)(2) because, from his perspective, opposing "counsel's duty is to apply and argue the correct legal standard, not to follow a pro se litigant's citation if it is inapplicable." Pl.'s Mot. 5; *see also id.* at

4 ("[City] Defendants cannot excuse their conduct by relying on Plaintiff's captioning of his motion under Rule 59(e)."). He also appears to argue that no reasonable attorney faced with an opponent's "Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e)," ECF No. 80, would have "buil[t] an entire 'procedural collapse' argument based on the non-existent premise of a final judgment," Pl.'s Reply 2. He asserts that City Defendants "sought to[] cause unnecessary delay," "harass plaintiff," and "needlessly increase costs" by advancing this argument when they knew Rule 59(e) did not apply. *See* Pl.'s Mot. 5–6 (citing Fed. R. Civ. 11(b)(1)). Boger does not cite *any* authority or information in the record to support his allegation that defense counsel's approach was sanctionable under Rule 11(b)(1) or Rule 11(b)(2).

The Court could deny Boger's motion for that reason alone. *Cf. Bakker v. Grutman*, 942 F.2d 236, 239, 241 (4th Cir. 1991) (district court did not abuse its discretion in denying Rule 11 motion for sanctions against plaintiff's attorney where "there [was] no support in the record for [defendant's] allegations" of improper motive); *see Scott v. Lori*, No. ELH-19-2014, 2020 WL 906351, at *2 (D. Md. Feb. 24, 2020) ("Plaintiff's contentions ultimately boil down to perceived slights, miscommunications, and zealous advocacy, none of which triggers Rule 11."). Because Boger is representing himself, however, I briefly explain why the challenged parts of City Defendants' July 2 brief did not violate Rule 11(b)(1)–(2).

It was not objectively unreasonable for City Defendants' attorney to respond directly to the legal arguments that Boger himself raised in his "Rule 59(e)" motion to reconsider. *Cf. Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (judicial rule requiring courts to "liberally construe" pro se plaintiff's complaint "does not require [them] to attempt to discern the unexpressed intent of the plaintiff, but only to determine the *actual meaning of the words* used in the complaint" (quotation marks omitted)); *Beaudett v. City of Hampton*, 775 F.3d 1274, 1278

12

(4th Cir. 1985) (explaining that the "liberal construction" rule should not "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest and most successful strategies for a party"). "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it in a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). "They may do so . . . to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Id.* at 381–82 (internal citations omitted). Boger contends that defense counsel should have done the same thing and that her failure to do so violated Rule 11(b)(2) because she knew, or should have known, that Boger chose the wrong legal label for the motion to reconsider an interlocutory order. But he does not explain this remarkable contention. *Cf. Howell v. Upgrade, Inc.*, No. 6:24cv4228, 2024 WL 5683321, at *3 (D.S.C. Dec. 6, 2024) (explaining that a pro se "Plaintiff should have no misgivings that defense counsel will not advocate on behalf of his client, just as Plaintiff will advocate for his own interest," because the attorney's "ethical obligation to zealously represent his [or her] client . . . . does not change when another party in a case is proceeding pro se"). Indeed, I cannot imagine a scenario where a non-moving party's attorney would *not be* "legally justified" in responding to a motion as presented. *Cf. Blankenship v. Necco, LLC*, No. 2:16cv12082, 2018 WL 3581092, at *9 (S.D. W. Va. July 25, 2018) ("The failure to respond to arguments raised in a motion . . . can indicate that the non-moving party concedes the point or abandons the claim."). Nothing in the record supports Boger's subjective complaints that City Defendants' so-called "procedural collapse" argument was intended, under an objective standard of reasonableness, to "harass" or "trap" Boger, "cause unnecessary delay," or "needlessly increase costs" in violation of Rule 11(b)(1), Pl.' Mot. 5–6.

13

*See In re Kunstler*, 914 F.2d at 518–19 ("[A] court must ignore evidence of the injured party's subjective beliefs and look for more objective evidence of the signer's purpose"); *Bakker*, 942 F.2d 236 at 241 (noting defendant's motion for Rule 11 sanctions attempted "to cast . . . opposing counsel in the worst possible light").

Moreover, even if City Defendants' initial reliance on Rule 59(e) was improper, their attorney "appropriately corrected [the error] within 21 days" after Boger served his safe harbor notice on Monday, July 14, 2025. *See* Fed. R. Civ. P. 11(c)(2). Under Rule 6(a)(1), City Defendants had until 11:59 p.m. on Monday, August 4, 2025, to withdraw the challenged contention. *See* Fed. R. Civ. P. 6(a)(1)(A)–(C). They could withdraw it "formally *or informally*" as long as they "appropriately corrected" the potential problem within 21 days. *See* Fed. R. Civ. P. 11(c)(2), advisory committee's note to 1993 amendment (emphasis added). The brief City Defendants' attorney filed at 4:38 p.m. on August 4 candidly recognizes that Rule 59(e) did not apply to Boger's motion to reconsider "because no final judgment has been entered as to all parties" and correctly states that Judge Yoon's June 17 dismissal order "remains interlocutory."[9] City Defs.' Aug. 4 Br. 2 n.2 (emphasis omitted). It also "stipulate[s] that Rule 15(a)'s liberal pre-judgment standard applies" to Boger's motions to amend his complaint, City Defs.' Ex. A, at 13 (cleaned up), by urging Judge Yoon to deny such leave under Rule 15(a)(2), City Defs.' Aug. 4 Br. 2–3, 11–12. Boger suggests that these statements were admissions of wrongdoing. Pl.'s Reply 2 n.2. They were not. On the contrary, such timely corrections should have *protected* City Defendants from Boger's third motion for sanctions. *See* Fed. R. Civ. P. 11(c)(2), advisory

---

[9] These statements met Boger's specific demands that City Defendants "withdraw all arguments relying on the existence of a 'final judgment'"; "withdraw all arguments applying Rule 59(e) standards to Plaintiff's Motion to Alter or Amend"; and "concede that the June 17, 2025 order is interlocutory under Rule 54(b) and subject to revision," City Defs.' Ex. A, at 13 (cleaned up).

committee's note to 1993 amendment ("Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the [still current] revision, the timely withdraw of a contention will protect a party from a motion for sanctions."). Boger's unfortunate decision to forge ahead with his frivolous motion has wasted everyone's time and resources. Fed. R. Civ. P. 1.

**

Separately, Boger asserts that City Defendants' July 2 brief "misleadingly" stated that his proposed Third Amended Complaint did not allege he "appeared in court" on the second citation. *See* Pl.'s Mot. 6–7 (citing City Defs.' July 2 Br. 11; Fed. R. Civ. P. 11(b)(3)). Facutal contentions violate Rule 11(b)(3) "when they are unsupported by *any* information obtained prior to filing." *Id.* (cleaned up). Put differently, the contention "merely must be supported by *some* evidence." *Brubaker*, 943 F.2d at 1377. And "an attorney need not even rely upon direct evidence to support his [or her] factual allegations." *DE Techs., Inc. v. Dell, Inc.*, No. 7:04c628, 2006 WL 467984, at *3 (W.D. Va. Feb. 28, 2006). "Instead, as long as the attorney possesses information from which it is possible to at least 'draw an inference,' even a 'weak one,' an attorney's factual allegations are placed beyond the reach of Rule 11 sanctions." *Id.* (quoting *Brubaker*, 943 F.2d at 1377).

Boger admits that his proposed pleading did "not us[e] explicit language" stating that he appeared in court. Pl.'s Mot. 6; *see* City Defs.' Br. in Opp'n 7. Instead, his allegations required City Defendants to draw an "inference that [he] was present" in court when "City Attorney Brown 'announced the voluntary dismissal'" of that citation. Pl.'s Mot. 6 (quoting Prop. Third Am. Compl. ¶ 21). Boger believes that his is "[t]he only reasonable inference" one could draw from his allegations. *Id.* City Defendants' counsel disagrees. *See* City Defs.' Br. in Opp'n 6–8. She explains that City Defendants' brief "reasonably declined to draw that inference" because

15

Boger's pleading "also alleged that [he] was told he did not need to appear and that the citation would be dismissed." *Id.* at 7. As counsel aptly notes, Boger's "disagreement with the inference drawn from his own allegations does not transform a plausible legal argument into sanctionable conduct." *Id.* at 8. City Defendants' factual contention was supported by some evidence— namely the actual words Boger used to describe his alleged presence in court. Accordingly, that contention did not violate Rule 11(b)(3). *See Brubaker*, 943 F.2d at 1377.

IV. Conclusion

Plaintiff Scott Boger's third Motion for Sanctions under Rule 11(b) of the Federal Rules of Civil Procedure, ECF No. 90, is hereby **DENIED**. The Clerk shall send certified copies of this Memorandum Opinion & Order to Boger and all counsel of record.

ENTER: March 27, 2026

Joel C. Hoppe
U.S. Magistrate Judge